

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2008

# Technicolor Holdings v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2398

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Technicolor Holdings v. Comm IRS" (2008). *2008 Decisions.* Paper 784.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/784

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2398

_____

TECHNICOLOR USA HOLDINGS, INC.,
as successor in interest to new CCI, Inc. and subsidiaries,

Appellant
v.

COMMISSIONER OF INTERNAL REVENUE

_____

APPEAL FROM THE UNITED STATES TAX COURT
(Tax Court No. 99-14384)
Judge: Honorable Maurice B. Foley

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 24, 2008

Before:  McKee, FUENTES and WEIS, Circuit Judges.

(Filed: July 28, 2008)

_____

OPINION

_____

WEIS, Circuit Judge.

Technicolor Holdings, Inc. appeals the denial of a deduction under § 165 of

the Internal Revenue Code, 26 U.S.C. § 165, for the loss of relationships with three of its

film processing customers because the Tax Court found that there was zero basis in the

1

relationships because they had no useful life.[1]  On appeal, Technicolor argues that the

Court erred because each of the customer relationships had a reasonably ascertainable

value.  We will affirm the Tax Court's conclusion.

The evidence here indicates that the film processing industry became

extremely competitive in the 1980's.  This led to a high rate of client turnover, which

caused Technicolor to lose many of its customers despite its previous long-term

relationships.  At the same time, Technicolor gained new customers.  The evidence thus

shows that the long-term history of Technicolor's customer relationships is not indicative

of their strength at the time it was acquired by Carlton Communications Plc in 1998.

We agree with the Tax Court that the client relationships at issue here had

no useful life.  Any expectation that the customer relationships were likely to continue

into the future was unreasonable because of the intense competition in the film processing

market in the 1980's.  See Capital Blue Cross & Subsidiaries v. Comm'r, 431 F.3d 117,

126 (3d Cir. 2005) ("[A]n at-will relationship may constitute a valuable asset if it is

reasonably likely to continue into the future.").

We also reject Technicolor's argument that the Tax Court's finding was

incorrect because it failed to establish the existence of goodwill or going concern assets

other than customer relationships to account for the agreed Class IV basis.  The Court

found that Technicolor "had an experienced management team, sophisticated equipment,

---

[1] Under § 165, the amount of a deduction is limited to the taxpayer's
adjusted basis in a lost asset.  26 U.S.C. § 165(b).

and proximity to the studios' filming locations.  In addition, personal relationships, between Technicolor's and the major film studios' executives, facilitated client development and retention."  The evidence supports the Commissioner's contention that these factors account for the Class IV basis.[2]

Accordingly, we will affirm the Order of the Tax Court entered April 10, 2007.

---

[2] We need not address Technicolor's contention that the Tax Court applied the incorrect valuation burden and an improper standard to determine the separate values of the relationships at issue here because we agree with the Court that they had no useful life.